UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARRIE ELLEN CONARD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | No. 4:15-cv-00148-RLY-TAB |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF COMPLAINT**

**I.    Introduction**

Plaintiff Carrie Conard appeals the denial of her claim for Social Security disability insurance benefits. Conard's appeal asserts the ALJ: (1) erred by failing to discuss her reason for rejecting evidence related to migraines; and (2) failed to build a logical bridge from the evidence to her conclusion that Conard could perform frequent fine fingering bilaterally. For the reasons set forth below, the Magistrate Judge recommends Conard's brief in support of complaint [Filing No. 16] be denied.

**II.    Background**

Conard filed for disability benefits alleging an onset date of February 22, 2012. Her claim was denied initially and upon reconsideration. On February 13, 2014, an ALJ held a video hearing and denied Conard's claim by written decision dated April 11, 2014. The Appeals Council denied review. Conard timely appealed to this Court.

In an April 11 decision, the ALJ found at step one that Conard had not engaged in substantial gainful activity since her alleged onset date. [Filing No. 14-2, at ECF p. 14.] At step

two, the ALJ found Conard had the following severe impairments: fibromyalgia, systemic lupus, bilateral hand arthritis, neck and back pain, migraine headaches, and an anxiety disorder (mixed anxiety-depressive disorder). [Filing No. 14-2, at ECF p. 14.] In addition, the ALJ found that Conard had the following non-severe impairments: tobacco use, a history of a left foot sprain, and thyroid removal status-post Graves' disease. [Filing No. 14-2, at ECF p. 17.] At step three, the ALJ found that Conard did not meet or medically equal any relevant listing. [Filing No. 14-2, at ECF p. 18.] At step four, the ALJ assigned Conard an RFC that limited her to light work with the following limitations:

> [Conard] cannot climb ladders, ropes, or scaffolds. She can climb ramps and stairs occasionally. She can stoop, kneel, crouch, and crawl occasionally. She can frequently perform fine fingering bilaterally. She must have the ability to change from standing to a seated position or vice versa for 1-2 minutes every hour to two hours without interference with the work product. She is limited to performing simple routine tasks without strict production demands.

[Filing No. 14-2, at ECF p. 19.] Based on this RFC, the ALJ found that Conard could not perform past relevant work. [Filing No. 14-2, at ECF p. 22.] Using the Medical-Vocational Rules as a framework, the ALJ further noted that Conard would be found not disabled, regardless of whether her skills were transferrable. [Filing No. 14-2, at ECF p. 23.] At step five, the ALJ then questioned a vocational expert concerning Conard's ability to find jobs in the national economy given her age, education, work experience, and RFC. Given all these factors, the VE testified that Conard could perform jobs as packer, general factory worker, and cleaner.[1] [Filing No. 14-2, at ECF p. 23.] Thus, the ALJ concluded that Conard was not disabled. [Filing No. 14-2, at ECF p. 24.]

---

[1] Both the ALJ and the vocational expert described DOT Code 709.687-010 as general factory worker and DOT Code 323.687-014 as cleaner. The correct titles are, respectively, cleaner and polisher and cleaner, housekeeping.

**III.   Discussion**

   *A.      Standard of Review*

The Court must uphold the ALJ's decision if substantial evidence supports her findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obliged to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore,* 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

   *B.      Migraines*

Conard argues that the ALJ erred by failing to discuss her reason for rejecting evidence related to migraines to the extent that the ALJ did not include limitations caused by this severe impairment in the hypothetical she posed to the VE. In support of this argument, Conard points to the following evidence contained in the record: her own testimony during the ALJ hearing [Filing No. 14-2, at ECF p. 43-44]; the ALJ's decision [Filing No. 14-2, at ECF p. 15]; and a consultation report dated December 29, 2011, from Dr. Bilal Choudry at King's Daughter's Hospital. [Filing No. 14-7, at ECF p. 61.] According to Conard, this evidence—when considered in concert with all other impairments supported by the record—requires a finding of disability.

3

Conard testified that she would be incapacitated by migraines for two or three days each month, during which time she would just lie in bed and ride out the pain. [Filing No. 14-2, at ECF p. 43-44.] Since the VE testified that an employee could not miss two days per month, and maintain employment, Conard concludes that she is unable to sustain employment, and is therefore disabled.

The ALJ did not err by failing to instruct the VE to consider the possible two or three monthly absences due to migraines. The ALJ supported this omission with her conclusion that Conard was only partially credible regarding the intensity, persistence, and limiting effects of her symptoms. In making this credibility determination, the ALJ relied on the following factors: Conard briefly worked while waiting on her disability to go through and received unemployment benefits in 2012. [Filing No. 14-2, at ECF p. 20.] The ALJ determined that this failed work attempt and Conard's receipt of unemployment benefits were inconsistent with allegations of disabling impairments. [2] The ALJ then found Conard's own statements were inconsistent with allegations of disabling impairments as she reported being able to walk for exercise, prepare some meals, clean dishes for up to twenty minutes at a time, care for pets, drive, and shop. [Filing No. 14-2, at ECF p. 20.] The ALJ also relied on two third-party statements from Conard's husband, which described Conard's daily activities. Though the statements chronicled a deterioration in these activities, the ALJ used them to support her credibility determination, relying on her husband's detailing of Conard's ability to do housework. [Filing No. 14-2, at ECF p. 21.] Finally, the ALJ found that Conard doubled up on her Amitriptyline in February 2012

---

[2] It should be noted, however, that the mere receipt of unemployment benefits does not render Conard necessarily ineligible for Social Security benefits. *Boyd v. Astrue*, 2013 U.S. Dist. LEXIS 35190, *10 (S.D. Ind. Mar. 14, 2013) (explaining the SSA's policy that receipt of unemployment benefits does not preclude a finding of disability).

and tripled her Norco for several days during the early part of the month. [Filing No. 14-7, at ECF p. 56.] Rather than consider this as support for Conard's claims of disabling pain, the ALJ determined that this undermined Conard's credibility. [Filing No. 14-2, at ECF p. 21.] Moreover, the ALJ found that although Conard testified Lyrica was beneficial to her, but that she could not afford it, there was no evidence indicating Conard attempted to receive it at little or no cost. [*Id.*]

While there is room to disagree with the ALJ's credibility analysis, it is not the role of the reviewing Court to substitute its judgment for that of the ALJ. An ALJ's credibility determination will be overturned only if it is patently wrong. *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). That is not the case here. The ALJ considered Conard's subjective statements, objective medical evidence, Conard's daily activities, and third-party statements in making her credibility determination. Because the ALJ's credibility determination is supported by substantial evidence, it is not patently wrong. Thus, the ALJ committed no error in failing to instruct the VE to consider a scenario where the hypothetical employee would regularly miss two days of work each month.

  C.  *Frequent fine fingering*

Conard next argues that the ALJ failed to build a logical bridge from the evidence to her conclusion that Conard could frequently perform fine fingering. Conard points to the following evidence in the record that would preclude frequent fine fingering: hand numbness [Filing No. 14-7, at ECF p. 61]; probable carpal tunnel syndrome [Filing No. 14-7, at ECF p. 13, 17]; hand pain [Filing No. 14-7, at ECF p. 61, 64]; tender wrists, swelling and tender metacarpal phalanges [Filing No. 14-7, at ECF p. 2]; arthritis of the hands [Filing No. 14-7, at ECF p. 3]; numbness and tingling of the hands, tender wrists, puffiness in her hands with poor handgrips [Filing No.

5

14-8, at ECF p. 57]; bilateral hand pain [Filing No. 14-9, at ECF p. 43]; and hand discomfort and dropping things.  [Filing No. 14-9, at ECF p. 65-66.]

Conard argues that such "overwhelming evidence" supports her claim and that the ALJ failed to explain why Conard would be capable of an RFC allowing for frequent fine fingering. [Filing No. 16, at ECF p. 3.] Conard is correct that it is impossible to trace the path of the ALJ's reasoning regarding the fingering ability.  The medical evidence, cited above, supports the ALJ's finding that Conard's bilateral hand arthritis was a severe impairment.  [Filing No. 14-2, at ECF p. 14.]  Given this evidence, it is unclear how the ALJ reached the conclusion that Conard could frequently perform fine fingering bilaterally.

However, even if this were an error worthy of remand, it is harmless.  None of the jobs listed by the VE require this ability.  The packer job does not require any fingering.  DOT Code 920.685-026.  The general factory worker, DOT Code 709.687-010, and cleaner jobs, DOT Code 323.687-014, only require occasional fingering.[3]  Thus, the ALJ's decision to deny Conard's benefits is supportable.  *See Shramek v. Apfel*, 226 F.3d 809, 815 (7th Cir. 2000) (affirming the ALJ's decision despite errors, because none of them ultimately impacted the outcome).

---

[3] As noted above, the ALJ and vocational expert incorrectly identified these jobs.  However, both the cleaner and polisher and cleaner, housekeeping jobs are light work and only require occasional fingering.

**IV.     Conclusion**

Because the ALJ's findings were supported by substantial evidence, the Commissioner's decision should be affirmed.  The Magistrate Judge recommends that the Court deny Plaintiff's brief in support of complaint.  [Filing No. 16.]  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 06/29/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.